IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **PAUL VANICSEK,**<br><br>                      Plaintiff,<br><br>v.<br><br>**WAL-MART STORES, INC.,**<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:08CV125DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The court held a hearing on the motion on March 22, 2010. At the hearing, Plaintiff was represented by Matthew Storey and Defendant was represented by Stephen Edwards. After hearing arguments from both parties, the court took the motion under advisement. Having fully considered the motion, memoranda, and exhibits submitted by the parties and the law and facts relevant to the motions, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On March 6, 2007, Plaintiff went to a Wal-Mart store to look at diesel additives. While Plaintiff was looking at the displayed diesel additives, he was standing on a rug that Wal-Mart had placed on the aisle floor. After he made the decision that he was not going to buy any of the diesel additives, Plaintiff turned to the right and started to walk down the aisle. Plaintiff claims that as he stepped off the rug and onto the tile floor, he slipped on a black, grease-like substance,

which caused him to fall.

Plaintiff testified that he did not see the substance prior to the accident and that he only saw a small skid mark of grease on the tile after the incident. Plaintiff did not know how the grease arrived on the floor, how long it had been on the floor prior to his fall, or whether a Wal-Mart employee was aware of the grease on the floor.

Ryan Larsen was the first Wal-Mart employee to reach the scene of the accident after Plaintiff's fall. Larsen notified two assistant managers, Mace Reddington and Carol Alpert, who also responded to the scene. Alpert checked the shelves and floor for any containers or products that had been opened or tampered with, but did not find any. Larsen and Reddington also looked for open containers or leaks, but did not see anything.

The Wal-Mart employees stated that they were not notified by anyone of the grease on the floor and had no knowledge of the grease until after Plaintiff fell. The Wal-Mart employees also compared the grease on the floor to the items sold on the automotive aisle where the accident happened. They discovered that the grease on the floor was not a product that was sold on that aisle. There was also no evidence that the grease had been tracked into the store by Plaintiff or another customer.

## DISCUSSION

Under Utah law, "[t]he owner of a business is not a guarantor that his business invitees will not slip and fall. He is charged with the duty to use reasonable cause to maintain the floor of his establishment in a reasonably safe condition for his patrons." *Preston v. Lamb*, 436 P.2d 1021, 1023 (Utah 1968). The Utah Supreme Court analyzes slip and fall cases under two categories: those involving a temporary unsafe condition and those involving a permanent unsafe

condition. *Schnuphase v. Storehouse Markets*, 918 P.2d 476 (Utah 1996).

The supreme court has stated that "'[t]he first [class] involves some unsafe condition of a *temporary* nature, such as a slippery substance on the floor and usually where it is not known how it got there.'" *Id.* at 478 (citation omitted). Defendant contends that the grease substance on the floor in this case is an unsafe condition of a temporary nature. "'In this class of cases it is quite universally held that fault cannot be imputed to the defendant so that liability results therefor, unless two conditions are met.'" *Id.* (quoting *Allen v. Federated Dairy Farms, Inc.*, 538 P.2d 175, 176 (Utah 1975)). These conditions include: "(1) the defendant 'had knowledge of the condition, that is, either actual knowledge or constructive knowledge because the condition had existed long enough that he should have discovered it; and (2) 'after [obtaining] such knowledge. Sufficient time elapsed that in the exercise of reasonable case he should have remedied it." *Jex v. JRA, Inc.*, 196 P.3d 576, 580 (Utah 2008) (citations omitted).

Plaintiff, however, contends that Defendant incorrectly relies on the standard for temporary unsafe conditions because that standard is generally applied to hazards created by a third party rather than the defendant or its agent. *See Schnuphase*, 918 P.2d at 478. The temporary unsafe condition standard has been applied by the Utah Supreme Court in cases where a third party spilled a kiwi on the floor of a grocery store's produce section and a third party spilled ice cream in a grocery store's deli section. *See Merino v. Albertsons*, 975 P.2d 467 (Utah 1999)(kiwi); *Schnuphase*, 918 P.2d at 476 (ice cream). Plaintiff contends that in this case the permanent unsafe condition standard is more appropriate because the unsafe condition was grease on a rug that was placed and controlled by Defendant. The supreme court has characterized permanent unsafe conditions as the "structure of the building, or of a stairway, etc.

3

or in the equipment or machinery, or in the manner of use, which was created or chosen by the defendant or his agents, or for which he is responsible." *Schnuphase*, 918 P.2d at 478. "In such circumstances, where the defendant either created the condition, or is responsible for it, he is deemed to know of the condition; and no further proof of notice is necessary."

Plaintiff claims that the evidence in this case supports a finding that Defendant had ownership of the rug and control over its placement and removal. Plaintiff argues that because his first step off the mat resulted in the fall, it is reasonable to infer that he stepped on the grease while he was standing on the mat. While Defendant had ownership and control over the placement of the mat, it has no more control over what may be on the mat than it has control over what may be on the floor. Plaintiff does not contend that the rug caused the fall. He contends that a substance on the rug made him fall. The court concludes, therefore, that the case should be analyzed under the cases involving a temporary unsafe condition.

Moreover, Plaintiff's theory that Defendant created the temporary hazard is unsupported by any evidence and is based on speculation. It is Plaintiff's burden to produce evidence that Defendant's employees created the hazard or had knowledge of it. In cases where there is only speculation regarding the origin of an alleged hazard, the Utah Supreme Court has affirmed summary judgment in defendant's favor. *Lindsay v. Eccles Hotel Company*, 284 P.2d 477 (Utah 1955). In *Lindsay*, a coffee shop patron slipped on water after she and her companion had been served water from their waitress. But the court explained that "there was no evidence as to how the water got onto the floor, by whom it was deposited, exactly when it arrived there or that the defendant had knowledge of its presence." *Id.* at 478. "Under such circumstances, a jury cannot be permitted to speculate that the defendant was negligent." *Id.*

4

In this case, there is no proper evidentiary support for Plaintiff's assertion that the rug was placed on the floor with grease on it. Without such support, a jury cannot be allowed to speculate as to negligence. "Bare allegations of negligence unsupported by fact . . . are insufficient to withstand a motion for summary judgment." *Dwiggins v. Morgan Jew*elers, 811 P.2d 182, 183 (Utah 1991). "In other words, 'bare contentions, unsupported by any specification of facts in support thereof, raise no material questions of fact as will preclude entry of summary judgment.'" *Schuphase*, 918 P.2d at 477-78. Well-established Utah case law holds that summary judgment is appropriate in situations where a plaintiff has failed to meet the minimum requirements to sustain his or her action. *Schnuphase*, 918 P.2d at 478; *Long*, 531 P.2d at 360; *Lindsay*, 284 P.2d at 478.

In this case, Plaintiff has not produced evidence to satisfy either element of the supreme court's test for temporary unsafe conditions. Plaintiff has no evidence that Defendant had actual or constructive knowledge of the condition. No Wal-Mart employee saw or was informed of the grease. Even Plaintiff, who was shopping on the aisle, did not see the grease. In addition, there is no evidence of Defendant's constructive knowledge of the condition because there were no open or leaky containers on the aisle that would have placed employees on notice of the grease.

Plaintiff acknowledged in his deposition that he does not know how the grease came to be on the floor or how long it had been there prior to his fall. Plaintiff, however, has the burden of producing evidence that would support a finding in his favor on the notice requirement. Because he has not done so, there is also no evidence that Defendant had a reasonable opportunity to remedy the condition after receiving notice. *Allen v. Federated Dairy Farms, Inc.*, 538 P.2d 175, 176 (Utah 1975). Plaintiff, therefore, also has no evidence to support a finding that Defendant

5

did not reasonably remedy the condition.

As the Utah Supreme Court has often stated, "It is regrettable that plaintiff suffered injuries. However, '[n]ot every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from someone. Thousands of accidents occur every day for which no one is liable in damages.'" *Schnuphase*, 918 P.2d at 479-80 (quoting *Martin*, 565 P.2d at 1142). Although the court recognizes that negligence claims are not generally susceptible to summary disposition, Plaintiff has produced no evidence from which a reasonable juror could find in his favor. Plaintiff's speculations that it was Defendant's fault have no evidentiary support and are insufficient to withstand summary judgment. Plaintiff has no evidence regarding how or when the grease got on the rug. There is also no evidence that Defendant knew or should have known about the grease. Accordingly, the court concludes that Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED. The Clerk of Court is, therefore, directed to close the case and enter judgment in favor of Defendant.

DATED this 29th day of March, 2010.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge